Frank X. Ball et al. v. Samuel Belden, Administrator.

Decided January 26, 1910.

**1.—Sale of Land—Rescission.**

It is a general rule in this State that when a vendor of land has received part of the purchase money and gives indulgence after default in payment of another part of the purchase money, there must be a demand of payment and notice of an intention to rescind the contract before advantage could be taken of the default and a rescission had.

**2.—Same.**

The remedy by rescission of a contract for the sale of land is not favored, and slight circumstances, when indicative of a purpose not to insist on that remedy, may be treated as a waiver of the right.

**3.—Same—Case Stated.**

A note was given for part of the purchase money of land in 1897 and became due in 1899; the payee lived in a foreign country and it was not known by the payor where the note was kept; after the lapse of nine years demand was made by letter for payment, to which the payor replied promising to give the matter attention in a few days; thereupon payee brought suit for collection of the note, and the payor came into court and offered to pay the note, less the interest which payor claimed had been waived by the original vendor, the plaintiff then changed the suit to one of rescission and for recovery of the land. Held, the defendant was not in default and the recovery should have been denied.

**4.—Same—Right to Defend.**

The mere fact that a vendee or one holding under him denies the right of the vendor to recover the full amount sued for would ·not give the vendor the right to rescind the contract of sale.

**5.—Same—Tender—Offer to do Equity.**

An offer by defendant to do equity, when sued for a balance of purchase money of land, is sufficient to defeat a rescission although no money was actually paid into court.

**6.—Tender.**

When the plaintiff in a suit upon a purchase money note does not pray for attorney's fee, a tender by the defendant need not include such fees.

**7.—Contract—Waiver of Interest.**

The words "without interest" in a note or other contract mean only that no interest shall be charged until after maturity; thereafter the legal rate will be charged.

Appeal from the District Court of Bexar County, Thirty-Seventh Judicial District. Tried below before Hon. Edward Dwyer.

*C. C. Clamp* and *S. S. Searcy*, for appellants.—The court erred in

taking the case from the jury, and declaring that defendants had forfeited the contract. Tom v. Wollhoefer, 61 Texas, 277; Heirs of Reddin v. Smith, 65 Texas, 26; Milligan v. Ewing, 64 Texas, 258; Estell v. Cole, 62 Texas, 695; Moore v. Giesecke, 76 Texas, 543; Phillips, Guardian, v. Herndon, 78 Texas, 378; Pierce v. Moreman, 84 Texas, 596; Mason v. Bender, 97 S. W., 715; Moore v. Brown, 46 Texas Civ. App., 523.

*Anderson & Belden* and *Geo. C. Altgelt,* for appellee.—Appellant's offer to pay $3000 did not defeat plaintiff's right to a rescission of the contract, because: 1. The partial release or gift from Juana F. Montes de Flores to Antonio Cadena released only the interest accruing from the date of the note to its maturity, on May 20, 1899, and not any interest subsequent to that date.

2. Because on April 1, 1908, appellee, administrator by his attorney, made a demand on appellants, which appellants, by letter of April 6, 1908, refused by answering that it would receive attention in a few days.

3. Because, on same day, April 6, appellee, by filing this suit, made a judicial demand on appellants, to which they made no reply or tender.

4. Because the offer of $3000 is manifestly insufficient in amount for this, that appellants refuse to pay either interest, attorney's fees or costs, all of which had accrued.

5. Because appellant's offer embraces the conditions that the release must come from the court and must be approved by her attorney.

6. Because appellants pleaded the general denial which is inconsistent with a plea of tender or offer to pay. Estes v. Browning, 11 Texas, 237; Walsh v. Ford, 27 Texas Civ. App., 573; Polk v. Kyser, 21 Texas Civ. App., 676; Pierce v. Moreman, 84 Texas, 596; Rutherford v. Mothershed, 42 Texas Civ. App., 360; Lanier v. Foust, 81 Texas, 186; Stone Land & Cattle Company v. Boon, 73 Texas, 548; Crain v. National Life Ins. Co., 120 S. W., 1098.

FLY, Associate Justice.—This is a suit instituted by appellee, as administrator of the estate of Juana F. Montes de Flores, deceased, against F. X. Ball and Mary Fest. The original suit was on a promissory note for $3000, executed by Antonio F. Cadena to Juana F. Montes de Flores for part of the purchase money of certain land, a vendor's lien being reserved in the deed to secure the payment of the note. After appellants had filed an answer admitting the execution of the note by Antonio F. Cadena, but setting up that the interest specified in the note had been set aside and released by Mrs. Flores to Cadena, and they were ready, able and willing to pay the $3000 without interest, appellee filed an amended petition in which he sought to recover the land and in the alternative prayed for judgment on the note. J. P. Hickman and O'Farrell were made parties defendant, but were dismissed by the court. The cause was tried by jury and under instruction of the court a verdict was returned in favor of appellee for the land.

The facts are without contradiction and show Juana F. Montes de

Flores, a *feme sole,* had title to 579 5/10 acres of land, about twelve miles south of the city of San Antonio, on the San Antonio River, and on May 17, 1897, conveyed the same to Antonio F. Cadena for $895 cash and a note for $3000, due two years after date, with interest at the rate of six percent per annum and attorney's fees and reserved a vendor's lien to secure payment of the note. Four days after the execution of the deed and note, Mrs. Flores executed to Antonio F. Cadena an instrument in Spanish, a translation of which is as follows:

"San Antonio, Texas, May 21, 1897.

"Confiding in the loyalty of my nephew, Antonio Cadena, I declare without value the consideration named in the note signed by him concerning the six percent interest on the sum of three thousand dollars that he owes me on the purchase price of the ranch." That some time in 1900 Antonio Cadena died without having paid off and discharged the note for $3000 which had become due on May 17, 1899, and his wife, Caroline E. Tarin de Cadena, qualified as independent executrix of his will. On February 26, 1903, the executrix sold the land in controversy to F. O'Farrell, for $1600 cash and assumption of payment of the $3000 note herein mentioned. In the deed was the following recital: "Also for the same consideration I hereby transfer and assign to the said F. O'Farrell the right which my said husband obtained from said Juana F. Montez de Flores by and through a certain document in writing signed, executed and delivered by said Juana F. Montez de Flores to my said deceased husband, Antonio F. Cadena, in regard to the release of payment of interest on said $3000 note, and which instrument is duly recorded in the general records of Bexar County in book volume 161, on pages 447-448, to which instrument in writing reference is hereby made and is made a part and parcel of this conveyance."

On March 2, 1903, F. O'Farrell conveyed the land in question to Frank X. Ball and Mary Fest, appellants, for the recited consideration of $2000 in cash and the assumption of the payment of the $3000 note executed by Antonio F. Cadena to Mrs. Flores. It was recited in the deed that the interest on the note had been released by the instrument hereinbefore copied, and reference was made to the place of its record. The release made by Mrs. Flores was duly acknowledged by her, and recorded on August 6, 1897. Mrs. Flores died in France and appellee qualified as administrator of her estate.

No demand was ever made for the money due on the note until about April 1, 1908, when an attorney representing appellee wrote Mrs. Fest a letter asking for a conference with her in regard to the note. In that letter it was promised that suit would be withheld until Mrs. Fest was heard from in regard to the matter. She swore that she received the letter on Saturday, April 4, and on Monday, April 6, 1908, this suit was filed. She answered the letter on that date, without knowledge of the suit, promising to give the matter attention in a few days. Appellants had at all times been ready, willing and able to pay off and discharge the note, without the interest, upon a release of the vendor's lien, but no demand was made, so

far as shown by the record, for the money, from the execution of the note until April 1, 1908. The court peremptorily instructed the jury to return a verdict in favor of appellee for the land.

The suit in this case was in effect one for a rescission of the contract of sale, and it is the rule that when a vendor has received part of the purchase money, and gives indulgence after default in payment of another part of the purchase money, there must, as a general rule, be a demand of payment and notice of an intention to rescind the contract before advantage could be taken of the default and a rescission had. Equity and fair dealing furnish a sufficient reason for the existence of such a rule. (Estes v. Browning, 11 Texas, 237; Scarborough v. Arrant, 25 Texas, 129; Hild v. Linne, 45 Texas, 476; Tom v. Woellhoefer, 61 Texas, 277; Estell v. Cole, 62 Texas, 695; Milligan v. Ewing, 64 Texas, 258; Reddin v. Smith, 65 Texas, 26; Hamblen v. Folts, 70 Texas, 134; Wright v. Dunn, 73 Texas, 293; Moore v. Giesecke, 76 Texas, 543; Phillips v. Herndon, 78 Texas, 378; Pierce v. Moreman, 84 Texas, 596.)

As said in the cited case of Moore v. Giesecke: "The remedy by rescission is not favored, and, as has been said, slight circumstances, when they may be properly treated as indicative of a purpose upon the part of the vendor not to insist on that remedy, may be treated as a waiver of the right to rescind, unless its maintenance becomes necessary to enable the vendor to enforce the payment of the consideration for which he contracted to sell the land; and when a suit for the recovery back of the land has been brought, where any portion of the purchase money has been paid or where valuable and permanent improvements have been placed upon the land by the vendee or by purchasers under him, and the defendant, when sued, brings into court and offers to pay the balance of the purchase money, with costs of suit, unless there exist strong countervailing equities, the money ought to be received and a recovery of the land denied." The principles announced are peculiarly applicable to the facts of this case. The note was given to Mrs. Flores in 1897, became due in 1899, and from the last date to a few days before the suit was instituted, a period of nine years, no effort was made, not even a demand, to obtain payment of the note. The payee of the note was in France and no one seemed to know where the note was kept. After that long period a suit was brought to recover the amount of the note, and when appellants came into court and offered to pay the note, less the interest that had been waived, the suit was changed to one of trespass to try title; and, although the uncontradicted evidence showed ·an ability and willingness to pay the note, a peremptory instruction was given to the jury to rescind the sale and give the land to appellee. There was no attempt to take advantage of the delay in collecting the note by pleas of limitation, or in any other way; but the same plea was interposed that would have been offered had the suit been brought in 1899, and that is that the payment of interest had been released by the payee of the note and nothing was due but the principal, which appellants tendered in payment of the note. Nothing was done to impede or delay payment of the note, unless it was such to ask for a construction of the instrument that

Mrs. Flores gave Cadena in regard to the interest. Appellants were not in default in payment of the note; it had never been presented or payment demanded. The negligence and default existed on the part of the Mrs. Flores, the owner and holder of the note.

Appellants had the right, under the facts, to have the equities adjusted between them and the representative of the vendor of the land. As said by the Supreme Court: "We understand every decision on the subject to recognize the right of the vendee to assert equities whenever the suit of the vendor is for a rescission of the contract. On the other hand, we do not understand that it was intended to decide, in the cases where the vendor brought suit simply to try title and for possession, that equities in favor of the vendee entitling him to relief would not be heard. . . . We can see no good reason why the right of the vendee to equitable relief when he is sued for the purchase money, or for the land itself, should at all depend upon the character or the form of plaintiff's suit. Whether or not he is entitled to any equitable relief will be a proper subject of inquiry in every case." Moore v. Giesecke, 76 Texas, 543.

The long delay of the vendor in asking for rescission alone would open the way for the adjustment of any equities in favor of appellants. It is a rule well established in the decisions hereinbefore cited that when the vendee is willing to perform the contract, and the vendor has received a part of the consideration, or has delayed for unreasonable time to ask for a rescission, or when for any reason it would be inequitable for the vendor to recover possession of the land, a court of equity will not permit him to do so. The rule as to delay was applied in Moore v. Brown, 46 Texas Civ. App., 523. In that case it was said: "These facts show that the appellant treated the contract as subsisting up to the institution of this suit, seven years from the time of the maturity of the first note given in payment of the land. During that time not a suggestion was made by appellant in reference to a rescission." In the case now in this court the contract was recognized as existing and the suit instituted thereon nine years after the note became due, and it was by an amendment that the suit for the land was inaugurated. There was no plea or action on the part of appellants that could have justified a change in the nature of the suit. There was never at any time any desire evinced on the part of appellants to defeat recovery on the note, as construed by them in the light of the vendor's release of the interest.

The tender made by appellants was sufficient, although no money was paid into court. They offered to do equity and that was sufficient. (Spann v. Sterns, 18 Texas, 556; Gardner v. Rundell, 70 Texas, 453.)

We do not understand that in order to obtain equities the vendee must agree to pay what is claimed by the vendor, regardless of the justice of the claim. For instance, if there had been a payment on the purchase money note which was the basis of the suit, we do not think, because the vendor desired to collect the amount of the payment again, that the vendee by insisting on being credited with the payment would lose the right to his equities. For the same rea-

son, if appellants believed that there had been a release of the interest they would not be denied their equities because of an unwillingness to pay the interest. They were not called upon to tender the attorney's fees, because they were not prayed for by appellee.

It is admitted by appellee in his amended petition that the instrument executed by Mrs. Flores to Antonio F. Cadena remitted the interest on the note up to the time it was due, on May 17, 1899. It has been held in this State that where a note expressly provides that it shall carry no interest that it merely refers to the time intervening between its execution and the time it is due, and unless there is express contract in plain terms that no interest shall be paid after maturity, interest will run from that date at the legal rate. If there is any doubt as to the construction of the provision in a contract as to interest, the doubt will be resolved in favor of interest. (Roberts v. Smith, 64 Texas, 94.)

It is with some degree of reluctance that the writer of this opinion subscribes to the ruling in the decision cited, that the words, "without interest," in a note has reference merely to the time before it becomes due and that from that time the note should bear interest at the legal rate. We have been able to find no authority supporting the decision. Randolph in his work on Commercial Paper, section 1713, states the same proposition, giving as authority the Texas case. Under that decision, "without interest" in a promissory note means the same as "interest from maturity." The court held that they had no effect whatever, and that the note was in the same condition as though interest had not been mentioned in it. It must be concluded that if the words "without interest" in a note mean nothing, or only that no interest shall be charged until after maturity, that the instrument given by Mrs. Flores to Cadena as to interest referred only to interest for the two years before the note was due. There is nothing in the terms of that instrument stronger or more comprehensive than the words "without interest." In view of the decision in Roberts v. Smith, we hold that the interest was only remitted to the maturity of the note and that appellants are liable for interest at six percent per annum from May 17, 1899. The construction that Mrs. Cadena and O'Farrell put upon the instrument executed by Mrs. Flores could not have any effect in indicating the intention of the parties to it. It was not shown that Mrs. Flores ever construed the instrument as a remission of all the interest.

The judgment of the lower court will be reversed, and, there being no conflict in the testimony, judgment is here rendered that appellee, as administrator of the estate of Juana F. Montes de Flores, do have and recover of F. X. Ball and Mary Fest the sum of $3000 with interest at six percent per annum from May 17, 1899, together with all costs of the lower court, and that the vendor's lien be foreclosed on the 579 acres of land described in the petition, and appellants recover of appellee all costs incurred by reason of this appeal.

*Reversed and rendered.*