## WM. CAMERON & CO., Inc., v. BASSEL et al.  (No. 6617.)

(Court of Civil Appeals of Texas. Austin. June 13, 1923.)

Abatement and revival ⬤⇒20—Premature commencement of suit held to sustain judgment for defendant.

Special finding that the debt was not yet due was sufficient to sustain judgment for defendant on ground suit was prematurely brought, regardless of findings on other issues and disagreement as to one issue.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by William Cameron & Co., Inc., against Neal Bassel and another. Judgment for defendants, and plaintiff appeals. Affirmed.

G. H. Zimmerman, of Waco, and Jno. B. Daniel, of Temple, for appellant.

KEY, C. J. Wm. Cameron & Co. brought this suit against Neal Bassel, as contractor, and Fidelity & Deposit Company of Maryland, as his surety, for the value of certain materials furnished by the plaintiff to Bassel, and used by him in making certain improvements in the city of Belton, under six written contracts, entered into between Bassel and said city, and each bearing date May 14, 1921. Among other things, the defendants filed pleas in abatement, alleging that the suit was prematurely brought, on account of an agreement between the parties, to the effect that the debt should not become due until January 1, 1923.

The court submitted the case to a jury upon special issues, and, in answering the first issue, the jury found that the agreement just referred to was made, to the effect that the debt would not become due until January 1, 1923. The trial occurred March 30, 1922. The jury answered all the other special

issues, except No. 2, which read as follows: "Did the defendant Bassel pay A. C. Bauer, for plaintiff, the sum of $2,100 in cash?" As to that issue, the jury disagreed, and after discharging them the trial court entered judgment sustaining the plea in abatement, and dismissing the plaintiff's case. The plaintiff has appealed, but does not complain that the finding of the jury to the effect that the debt would not be due until January 1, 1923, was not supported by testimony; but assign other grounds for a reversal.

We hold that the trial court pursued the proper course, and rendered the proper judgment, regardless of what the jury found on other issues, and regardless of the fact that they failed to agree upon one of the issues submitted to them. Finding that the debt was not due rendered it manifest that the suit was prematurely brought, and the only proper thing for the court to do was to abate the suit. The judgment that was rendered did not prevent the plaintiff from suing the defendants at any time after the 1st day of January, 1923; and therefore it would seem that the appeal now involves nothing except the question of costs.

We hold that the trial court rendered the proper judgment, and therefore the costs of the court below and of this court are properly taxable against the appellant.

No error has been shown, and the judgment is affirmed.

Affirmed.

BLAIR, J., did not participate in the decision of this case.