## COOPER CO., Inc., v. SMITH.
### No. 2099.

Court of Civil Appeals of Texas. Waco.
Feb. 23, 1939.

Rehearing Denied March 30, 1939.

Witt, Terrell, Lincoln, Jones & Riley and Harris, Howell & Gordon, all of Waco, for appellant.

O'Dowd & O'Dowd, of Waco, for appellee.

GALLAGHER, Chief Justice.

This suit was brought by appellant, the Cooper Company, Inc., against W. W. Smith and Lucy A. Smith as partners and as individuals, to recover a balance due on two promissory notes amounting in the aggregate to approximately $750 and for interest and attorney's fees on said amount. Said notes were joint and several in form; were payable to appellant and signed "Smith & Smith, by W. W. Smith" and also by Lucy A. Smith. Appellant alleged that W. W. Smith and Lucy A. Smith were partners and that said notes were executed and delivered in extension of a partnership indebtedness. Lucy A. Smith denied the existence of such partnership and alleged that her signatures on said notes were secured by fraud.

The court instructed a verdict for appellant against W. W. Smith. The case as between appellant and appellee Lucy A. Smith was submitted on special issues, in response to which the jury found, in substance: (1) That W. W. Smith and Lucy A. Smith were not partners in the business of "Smith & Smith" at the time said notes were executed; (2) that Lucy A. Smith did not hold herself out as a partner in such business; (3) that appellant represented to Lucy A. Smith at the time said notes were signed by her that it would not sue thereon; (4) that said representation was, at the time it was made, untrue; (5) that Lucy A. Smith believed the same to be true; and (6) that she relied on such representation in signing said notes. The court rendered judgment against W. W. Smith for the amount sued for, of which judgment he has not complained. The court overruled appellant's motion for judgment non obstante veredicto and rendered judgment that appellant take nothing against said Lucy A. Smith and that she recover her costs. An attachment sued out at the time of the institution of the suit and levied on a certain tract of land as the property of both defendants was not mentioned in the judgment rendered. Mrs. Smith alone was made a party to this appeal.

### Opinion.

Appellant presents propositions in which it insists that appellee's allegations of misrepresentation do not present a case of actionable fraud, and that testimony in support of the same tended to limit or vary the tenor and effect of the notes executed by appellee and was therefore inadmissible. The notes sued on are in the usual form and the promise to pay embodied therein is unconditional. The testimony is conflicting. W. W. Smith had been engaged in business for many years under the firm name of Smith & Smith. He testified, in substance, that Lucy A. Smith was his mother; that she had formerly been his partner in said business but that owing to increasing infirmity arising from advancing years, she withdrew from the firm and from participation in conducting the business and thereafter remained at home. Appellant claimed that such partnership still existed and threaten-

ed to sue on its indebtedness unless payment of the same was extended by the execution of said notes by both appellee and her son. She objected to signing the same but appellant insisted on her doing so and again threatened to sue both of them unless she did so. She testified, in substance, that she told appellant's representative that she didn't owe appellant but that she would sign the notes "because he wanted her to so bad". She further testified that her son then said: "When you sign the notes then is when they will sue", and that appellant's representative replied: "No, we are not going to sue; nothing hasty at all". She further testified that she signed the notes believing and relying on said representation and because she had promised to do so the day before. The first of said notes was for one-half the indebtedness claimed and was due three months and seventeen days after date; the second note for the other half was due one year later, with a provision accelerating maturity in event of a failure to pay the first note at maturity. According to the testimony above recited and the findings of the jury thereon, appellant, as an inducement to secure Mrs. Smith's signature to said notes, agreed that it would not enforce the same against her by suit.

The issue of law here involved was decided in harmony with appellant's contention by the Court of Civil Appeals for the Third District in the case of Mitcham v. London, 110 S.W.2d 140, 141. We quote therefrom as follows:

"The general rule, now well established in this as well as other jurisdictions, is that a parol agreement to the effect that a promissory note shall never be binding or take effect as a personal obligation, or that its payment shall be other than in money, is not binding, since its effect is to vary the terms of the instrument. See Chalk v. Daggett (Tex.Com.App.) 257 S. W. 228; Lawther Grain Co. v. Winniford (Tex.Com.App.) 249 S.W. 195; 6 Tex.Jur. pp. 956–960, §§ 279 and 280. * * *

"As we understand appellee's contention upon this issue, it is that the fraud consisted in making the agreement not to hold the note as a personal obligation against him with the then present intention not to perform that agreement. There are situations in which an intention at the time a contract is made not to perform its obligation will authorize a rescission and recovery of the consideration or advantage received under it. But that is not the situation here. The promise here complained of as being intended not to be performed was a collateral one in parol at variance with the written contract entered into, and one proof of which the law does not admit. If fraud could be predicated upon such promise and intention, then any collateral parol agreement might be asserted to contradict, vary, or even abrogate any written contract, under the guise of a fraudulent intent not to perform such collateral parol agreement. The practical effect would be to destroy the parol evidence rule altogether."

See, also, Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47, 48, 49, and authorities there cited; Wright v. Couch, Tex.Civ.App., 54 S.W.2d 207, 209, pars. 1 and 2; Hogan v. W. H. Norris Lumber Co., Tex.Civ.App., 90 S.W.2d 585, 588, pars. 1 and 2.

The judgment in favor of appellee denying appellant a recovery against her is reversed and the issues between said parties remanded to the court below for another trial. The judgment in favor of appellant against W. W. Smith is not disturbed.