### REED et al. v. STALEY et al.

### No. 5149.

Court of Civil Appeals of Texas. Amarillo.

April 22, 1940.

Will Crow, of Canadian, and J. D. Barker, of Canyon, for appellants.

Clayton Heare, of Shamrock, for appellees.

FOLLEY, Justice.

This suit was filed by the appellant, John R. Reed, against Walter Staley, R. H. Staley, I. C. Thurmond, Jr., I. C. Thurmond, Sr., P. S. Darlington and W. S. Farmer, seeking judgment for debt and foreclosure of a lien on land in connection with 15 vendor's lien notes each in the sum of $138.45, bearing interest from date at 4% per annum, interest payable annually. These notes were executed by Walter Staley as a part of the purchase price of 276.9 acres of land in Wheeler County, Texas, deeded to him by John R. Reed and wife, Hettie Reed, on December 1, 1926. There were originally 26 of such notes each bearing even date with the deed and payable at Wheeler, Texas, in their numerical order from 1 to 26 years respectively after December 1, 1926. The first 11 of these notes had been paid prior to the filing of this suit. The 15 sued upon were numbered 12 to 26, inclusive. No. 12 was due December 1, 1938. This suit was filed December 2, 1938 declaring note No. 12 past due and further declaring the remainder of said notes due under the accelerated maturity provision of the deed.

After purchasing the land and executing the notes above mentioned, Walter Staley conveyed 100 acres of the land to R. H. Staley and later conveyed the remainer of the land, 176.9 acres, to I. C. Thurmond, Jr. Neither R. H. Staley nor I. C. Thurmond, Jr., assumed the payment of any part of the indebtedness represented by the 26 vendor's lien notes above mentioned. R. H. Staley in purchasing the 100 acre tract executed a series of vendor's lien notes as a portion of the consideration and some of these second lien notes were owned and held by P. S. Darlington at the time this suit was filed. On December 1,

1936, when note No. 10 of the original series became due, and on December 1, 1937, when note No. 11 of the same series became due, I. C. Thurmond, Jr., apparently in order to protect his equity in the land, paid such notes together with all the accrued interest on the total outstanding indebtedness. On November 28, 1938 he notified John R. Reed by registered mail that he and his attorney would be at the court house at Wheeler on December 1, 1938 to pay note No. 12, which was due on such date, and also to pay the accrued interest due upon the whole indebtedness. I. C. Thurmond, Jr., and his attorney appeared at Wheeler on said day but Reed did not appear although he admitted receiving the notice. The town of Wheeler was shown to have been Reed's postoffice and trading point. I. C. Thurmond, Jr., and his attorney remained in Wheeler most of the day and near the closing hour of the only bank in town they deposited $221.51, the total amount due on the indebtedness, both principal and interest, to Reed's account in such bank, which deposit Reed refused to accept.

The following day this suit was filed against the above named parties. The appellant Reed alleged that I. C. Thurmond, Jr., I. C. Thurmond, Sr., W. S. Farmer, R. H. Staley and P. S. Darlington were all making some character of claim against the land and sought judgment against them and against Walter Staley foreclosing his lien. He further sought judgment against Walter Staley personally for the debt. R. H. Staley filed a cross-action against all the other parties except P. S. Darlington asking that the 176.9 acres of land owned by I. C. Thurmond, Jr., be sold first to satisfy the original indebtedness due John R. Reed and further sought the marshalling of assets as between him and I. C. Thurmond, Jr. P. S. Darlington filed a cross-action in which he adopted the cross-action of R. H. Staley. He asked for no further relief as far as his second lien notes were concerned.

Walter Staley filed a plea in abatement in which he alleged he was also in the town of Wheeler on December 1, 1938 and was then ready, willing and able to pay the amount due Reed upon the original indebtedness and further alleged that I. C. Thurmond, Jr., and the latter's attorney were in Wheeler on said day and made the deposit to Reed's credit as aforesaid. This plea in abatement was adopted by I. C. Thurmond, Jr., I. C. Thurmond, Sr., and by W. S. Farmer. I. C. Thurmond, Jr., also filed an individual plea in abatement setting up the facts with reference to his actions and those of his attorney in the town of Wheeler on the day the payment was due, and tendered into court the sum of $221.51 as the amount due Reed the day the deposit was made.

The court tried the issue raised by the plea in abatement along with the merits of the case. At the conclusion of the hearing the court instructed a verdict to the effect that the suit had been prematurely brought by the appellant, John R. Reed, and rendered judgment that Reed take nothing against the other parties and that such parties recover their costs. The court further adjudged that I. C. Thurmond, Jr., recover judgment against John R. Reed requiring the latter to accept the $221.51 deposited by the former into the registry of the court and that the clerk be directed to pay Reed such sum of money. The court denied R. H. Staley and P. H. Darlington any relief on their respective cross-actions and adjudged the costs against each party as were incurred by him. From such judgment John R. Reed, R. H. Staley and P. H. Darlington have appealed.

The relief sought in the trial court and in this court by R. H. Staley and P. S. Darlington is predicated upon the relief sought by John R. Reed. Therefore, the disposition we shall hereinafter make of the controversy between the appellant Reed and the appellee, I. C. Thurmond, Jr., will dispose of all the issues presented in this appeal.

We think all of the complaints of the appellant, John R. Reed, may be reduced to one general proposition which is, that under the facts of this case Reed was not compelled to accept from I. C. Thurmond, Jr., the money tendered and due December 1, 1938 on the vendor's lien notes held by Reed because I. C. Thurmond, Jr., was not a party to the original contract of conveyance between Reed and Walter Staley. Reed contends that no tender was made by Walter Staley, his vendee, but only by I. C. Thurmond, Jr., who was a stranger to the original transaction. Reed admits, however, that I. C. Thurmond would have had the right to pay off the entire obligation evidenced by all of the notes remaining un-

paid but contends that he was not entitled to place himself in the position of the original vendee and pay the notes with the interest as they became due according to the original contract between Reed and Walter Staley.

█ The authorities cited by the appellant Reed in support of his proposition in this respect are upon an entirely different proposition of law from that which here confronts us. These authorities are to the effect that the original vendor might ignore the sub-vendees and look only to the original vendee for the payment of his notes. Howell et al. v. Townsend, Tex.Civ.App., 217 S.W. 975, writ refused; Ball et al. v. Belden, 59 Tex.Civ.App. 29, 126 S.W. 20. This seems to be a correct rule of law as applied to the rights of the vendor, but such rule does not undertake to curtail the rights of a subsequent purchaser to protect his equities in the land. It is true that the sub-vendees in this case are not primarily liable on the debt, that Reed shared no privity of contract with them and that they were not necessary parties to his foreclosure suit. Foster v. Powers et al., 64 Tex. 247; Bradford et al. v. Knowles et al., 86 Tex. 505, 25 S.W. 1117. But it cannot be said that these subsequent purchasers possessed no interest in the suit or the subject matter it involved. As was said in the case of Ufford v. Wells, 52 Tex. 612, 619, "Although a subsequent purchaser is a proper party in all suits to enforce a prior lien, yet he may not be a necessary party except to bar his equity of redemption". In the Ufford v. Wells case it is suggested that whether the vendor sues to foreclose his lien or to recover the land, the original or any subsequent vendee has the right to set up his equities. In commenting on this rule in Stone Cattle & Pasture Co. et al. v. Boon, 73 Tex. 548, 11 S.W. 544, 547, wherein the subsequent purchasers were not parties to the foreclosure proceedings, the Supreme Court of this State said: "We think the contrary has not been held by this court in any case, and we entertain no doubt about the right of any vendee, near or remote, by proper pleadings, to protect himself in all of his equities as fully when the vendor's suit is to recover the land as when it is to foreclose the lien * * *. For instance, if, in this case, the suit and judgment had been only to enforce the lien, the defendants, without defending at all, could at any time before the sale have paid up the judgment and cleared their title."

If, therefore, a subsequent purchaser has the right to pay off a foreclosure judgment to which he was not a party and clear the title to himself, can it be logically said that he must wait until the claim is reduced to a judgment before such right accrues? We think not. Whatever equitable interest in the land Walter Staley held passed to his vendees with all the rights he possessed. One of such rights was to pay the indebtedness as it became due to prevent foreclosure. This right the appellee I. C. Thurmond, Jr., sought to exercise but the appellant Reed refused to accept the money tendered. It is our opinion Reed was without legal authority to arbitrarily reject such tender. Pierce v. Moreman et al., 84 Tex. 596, 20 S.W. 821; Standard Paint & Wall Paper Co. v. Rowan, Tex.Civ.App., 158 S.W. 251; Hunt v. Makemson et al., 56 Tex. 9. To hold otherwise would jeopardize the rights of all landholders in this State who own encumbered realty if the lien thereon had its inception prior to the purchase of the property by such owners. It therefore follows that this suit was prematurely brought.

█ Although there was no error in the court's sustaining of the plea in abatement of I. C. Thurmond, Jr., we think the court was thereafter unauthorized to render judgment that the appellant Reed take nothing by reason of his suit. We think the court further erred in rendering judgment against R. H. Staley and P. S. Darlington upon their respective cross-actions. These matters were not presented by the appellants but we think such errors are fundamental. The rendition of these judgments against John R. Reed, R. H. Staley and P. S. Darlington without restrictions as to future prejudice to re-litigate the same subject matter would at least afford a basis for interposing a plea of res adjudicata in the event such actions and cross-actions were re-filed in the future. The proper judgment for the court to have rendered after sustaining the plea in abatement was one of dismissal. Such a judgment would preclude an adjudication on the merits. S. R. Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S.W. 1157; Strickland v. Sloan et al., Tex.Civ.App., 50 S.W. 622; Real Estate-Land Title & Trust Co. v. Dildy, Tex.Civ.App., 92 S.W.2d 318, writ refused; Stone v. Bare et. al., Tex.Civ.App., 198 S.W. 1102; New State Land Co. et al. v. Wilson, Tex.Civ..

App., 150 S.W. 253; Guaranty Building & Loan Co. v. Nowell, Tex.Civ.App., 76 S. W.2d 830; Commonwealth Bonding & Casualty Ins. Co. v. Knight, Tex.Civ.App., 185 S.W. 1037; Wm. Cameron & Co., Inc. v. Bassel, Tex.Civ.App., 252 S.W. 1081. In this connection, however, since the $221.51 was deposited into the registry of the court below, some disposition must be made of it, and we think it was proper for the court to order the same paid to the appellant Reed. It is also our opinion that the trial court was authorized to adjudge the costs against the respective parties.

The judgment requiring the clerk to pay the $221.51 deposited with him to the appellant, John R. Reed, and the judgment fixing the costs below will not be disturbed. The judgment of the trial court will be reformed so that the cause of action of the appellant, John R. Reed, and the respective cross-actions of R. H. Staley and P. S. Darlington will be dismissed, and it is so ordered.

The judgment as reformed is affirmed.