**Ellis D. WHEELER, Appellant,**

v.

**W. R. THOMAS, Appellee.**

No. 6246.

Court of Civil Appeals of Texas.
Beaumont.
Sept. 17, 1959.

On Motions for Rehearing Oct. 22, 1959.

Second Motions for Rehearing Denied
Nov. 19, 1959.

Adams & Browne, Beaumont, for appellant.

D. H. O'Fiel, Beaumont, for appellee.

ANDERSON, Chief Justice.

Appellant, Ellis D. Wheeler, sued appellee, W. R. Thomas, as surety on a promissory note in the amount of $4,800. The principal on the note was appellee's brother, Dan W. Thomas, who was outside the United States and could not be served with process. The suit was prosecuted against the surety alone, under authority of Article 1987, Vernon's Ann.Civil Statutes. The note was given to secure performance of a lease contract between appellant and Dan W. Thomas, the lessee. The lease was for a term of five years, covered property in Port Arthur, Texas, that was referred to as the Lighthouse Club, and provided for an annual rental of $4,800, payable in monthly installments of $400 each. It also provided that during the course of the five year term the lessee, Dan W. Thomas, was to expend an additional $5,000 on the leased premises for upkeep and improvements. One thousand dollars was to be expended in this manner each year if necessary or desirable. The note showed upon its face that it was given to secure performance of the lease contract, and it provided that it was not to become due except in case that contract was breached. It was also described in the lease contract, where similar representations were made. It was represented in the note and contract that the note was primarily given to secure payment of the rental to become due during the last year of the term of the lease, but also provided that it would become due if two monthly installments of rent were unpaid. The plaintiff pled breach of the contract by the lessee and that more than two monthly installments of rent were unpaid. He prayed for recovery of the face amount of the note and interest. The defendant (appellee) answered by general denial and special pleas. He pled, among other things, the following: " * * * that there was no consideration moving to himself for his obligation; that he entered into such agreement upon the express representations of the plaintiff that plaintiff would cancel and void such obligation, if any, as might have existed, at such time as one Dan W. Thomas had made improvements as described in said lease above mentioned up to and including the amount of $1,000, and save and except for such representations,

and this defendant relying upon same, that this defendant would not have entered into such obligation and that such obligation, if any, or contractual relationship, if any, as made upon his part was without con-·sideration or anything of benefit or value moving from plaintiff unto himself." He also pled that he executed the note after the lease contract had been entered into and his brother had taken possession of the leased premises, and that there was therefore no consideration for his so doing. Alternatively, he pled a voluntary cancellation of the lease by the lessor and lessee and that he himself was thereby released as surety on the note. Then, representing himself as "actor", he pled as follows: " * * * this defendant says that the instrument sued upon by plaintiff should be set aside, cancelled and held for naught because of the false and misleading statements made by the plaintiff to the said Dan W. Thomas, all of which brought about and caused the lease contract to be concluded, and but for which same would not have happened or been entered into by this defendant with plaintiff; [at this point it was alleged that Wheeler made certain representations as to the condition of the leased premises and that the premises were subsequently found not to be as they had been represented]; that said facts being made known to the plaintiff, plaintiff proposed to and agreed with this defendant and Dan W. Thomas that if Dan W. Thomas would expend as much as $1,000 in putting the place back in a good state of repair and fixing the defects pointed out and making all necessary repairs, that plaintiff would cancel said note; that the said Dan W. Thomas entered into said novated agreement and did expend a sum in excess of $1,000; that the consideration for the making of such repairs which the said Dan W. Thomas was not obligated to make was a sufficient consideration for the cancellation of said obligation sued on by plaintiff, and by reason of such acts and conduct of Dan W. Thomas and the acquiescence by the said Dan W. Thomas, said note sued upon is entitled to be can-

celled and held for naught." Subject to the foregoing, the defendant plead that the lessor did not afford the lessee quiet enjoyment of the leased premises and finally repossessed the premises in such a manner as to effect a cancellation of the lease contract and note. The case was tried to a jury, and the verdict was as follows:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that more than two (2) months rent on the Lighthouse was due and owing to E. D. Wheeler by Dan W. Thomas when Dan W. Thomas vacated the premises of the Lighthouse?

"Answer: Yes.

"Special Issue No. 2

"From a preponderance of the evidence, do you find that Dan W. Thomas and Ellis D. Wheeler had executed their lease agreement prior to the time that W. R. Thomas signed the $4800.00 note as surety?

"Answer: No.

"Special Issue No. 3

"From a preponderance of the evidence, do you find that on or about May 1, 1953, Ellis D. Wheeler and Dan W. Thomas agreed to terminate the lease contract?

"Answer: No.

"(Special issues 4 and 5 were conditionally submitted and not answered)

"Special Issue No. 6

"From a preponderance of the evidence, do you find that Ellis D. Wheeler promised W. R. Thomas that he would void and cancel the note if Dan W. Thomas made improvements of $1,-000.00 upon the premises?

"Answer: Yes.

"Special Issue No. 7

"From a preponderance of the evidence, do you find that W. R. Thomas

relied upon such promise, if any, as made by Ellis D. Wheeler?

"Answer: Yes.

"Special Issue No. 8

"From a preponderance of the evidence, do you find that save and except for such promise, if any, as made by Ellis D. Wheeler, if you have so found, that W. R. Thomas would not have signed said note?

"Answer: He would not have signed said note."

■ The plaintiff made motion that the jury's findings in response to special issues 6, 7, and 8 be disregarded and that judgment be rendered in his favor on the verdict. The motion was overruled and judgment was rendered that the plaintiff take nothing. Cancellation of the note was also decreed. No motion for new trial was filed by or on behalf of the plaintiff within ten days after entry of the judgment, but one was filed and overruled within thirty days after the judgment was entered. The court granted counsel who now represent appellant leave to file the motion. They did not participate in the trial of the case and did not become of counsel until more than ten days following entry of the judgment had elapsed.

Appellee has filed motion to dismiss the appeal for want of jurisdiction, relying on appellant's failure to file a motion for new trial within ten days after entry of the judgment. In the alternative, he has moved that all assignments of error not properly referable to appellant's motion for judgment non obstante veredicto be stricken and disregarded. The motion to dismiss is overruled: the court at least has jurisdiction to pass upon the propriety of the trial court's action in overruling appellant's motion for judgment non obstante veredicto. Rule 324, Texas Rules of Civil Procedure. We find it unnecessary to pass upon appellee's alternative motion, since we shall only consider matters raised by the motion for judgment non obstante veredicto. Appellee has also challenged the

form of a number of appellant's points of error. No good purpose would be served by entering into a discussion of his contentions in this respect, because there are points which are sufficient to raise the matters with which we shall deal.

■ We are of the opinion that the trial court erred in overruling the plaintiff's motion to disregard the findings in response to special issues 6, 7, and 8 and for judgment on the remaining portion of the verdict. The finding in response to the first special issue was sufficient, standing alone, to show that the note had matured under its terms and that the plaintiff was prima facie entitled to recover some amount on it. Of the remaining findings, only these in response to special issues 6, 7, and 8 were favorable to the defendant. Neither singly nor together do they have the effect of defeating the plaintiff's right of recovery. They obviously do not pertain to the defendant's plea of a novation contract, entered into after the note had been executed, because they are related issues having reference to representations allegedly made before the note was executed. Appellee argues that together they constitute findings that he was induced into the contract by fraud (Dallas Farm Machinery Co. v. Reaves, Tex., 307 S.W.2d 233), but with this we cannot agree. At most, they constitute findings that appellee was induced to execute the contract by an oral promise that was to be performed in the future. Such a promise does not constitute fraud unless made in bad faith and with a present intention not to keep it. 20A Tex. Jur., Fraud and Deceit, sec. 14, p. 36. There was no finding that the promise which the jury found appellant made to appellee was made in such circumstances. Nor do we feel that we are at liberty on the record before us to presume in favor of the judgment a finding to that effect, even though this is authorized in some circumstances by Rule 279, Texas Rules of Civil Procedure. Appellee did not plead that the contract was induced by fraud; he only pled that because of the alleged

promise there was no consideration for his having executed the note. And it is only in that light that the jury findings under discussion should be considered. So considered, they do not, of course, defeat appellant's right of recovery.

 Appellee will perhaps take the position that the immateriality of the three findings was not urged in appellant's motion for judgment, and so we comment briefly on what was specifically mentioned in the motion. It was urged, in effect and among other things, that the findings in question should be disregarded because only supported by evidence admitted over objection and in contravention of the parol evidence rule, and because the findings were themselves an effort to vary or contravene the terms of a written contract by parol evidence. Neither fraud nor accident nor mistake having been either pled or proved, the evidence by which appellee undertook to prove appellant's promise not to enforce the note according to its terms did contravene the parol evidence rule. It is therefore without probative force to support the findings or the judgment. Tackett v. Cunningham, Tex.Civ. App., 91 S.W.2d 965; Cooper Co. v. Smith, Tex.Civ.App., 126 S.W.2d 518; 17 Tex. Jur., Evidence, sec. 353, pp. 793–94.

Since we are holding that the trial court erred in failing to grant the plaintiff's motion to disregard findings 6, 7, and 8 and for judgment, it would normally be in order for us to render the judgment that should have been rendered in the trial court. But we have concluded that this would be improper in this instance. It is apparent that the plaintiff tried the case upon the theory that the note represented liquidated damages for breach of the lease contract and that he was entitled to recover its face amount together with interest. We do not so construe the note and lease contract. The note, which was signed by sureties, was only given to secure performance of the lease contract or payment of damages arising from a breach of the lease contract. We accordingly reverse the judg-

ment of the trial court and remand the cause for a new trial.

Reversed and remanded.

On Motions for Rehearing.

Both parties have moved for rehearing, appellee contending that we erred in failing to affirm the trial court's judgment, and appellant contending that we erred in failing to render judgment in his favor for the face amount of the note.

Appellee's motion is thought to be without merit. We neither held nor intended to hold in the original opinion that appellee failed to plead the matters that were submitted to the jury in special issues six through eight. We only held that those matters were not pleaded as fraud and do not add up to fraud. They were pleaded as a part of appellee's plea of no consideration, and there was no suggestion in appellee's answer that appellant's alleged promise was not made in the utmost good faith. An entirely different alleged fact situation was dealt with in appellee's cross-action, and that phase of his defense was waived. We remain of the opinion that we cannot presume a finding in favor of the judgment to round out a defense not asserted. An entirely different situation would exist if fraud had been pleaded or if the necessary elements of fraud had been submitted to the jury without objection, even though not pleaded.

Being still of the opinion that the note does not represent liquidated damages, we cannot agree with appellant's contention that we erred in failing to render judgment in his favor for the face amount of the note. However, we have concluded that we should have rendered judgment in his favor for four monthly installments of rental.

On the basis of the transcript and briefs, we more or less assumed originally that appellant had not fully developed his case under an acceptable theory of recovery. But recourse to the statement of facts has now led to the conclusion that, within the

framework of his pleadings, he did fully develop his case.

We are of the opinion that under his pleadings appellant was only entitled to recover rental due under the lease contract. We are also of the opinion that the lease contract terminated not later than May 29, 1953, whereupon rental ceased to become due under it, and only four monthly installments of rental remained unpaid at that time.

To demonstrate that only rental was recoverable, we think it unnecessary to do more than set out the essence of appellant's petition, which is: that the note was given "pursuant to the terms" of the lease contract and was "payable in the event the said Dan W. Thomas failed to pay the rent reserved in accordance with the terms set forth in such lease"; that "the defendants, and each of them, failed to pay such rent as required in such lease"; that "they have surrendered possession of such premises and wholly made default prior to surrendering possession of the same, and that demand was made upon them to perform the terms of said lease and pay the rent reserved thereunder but they wholly failed and refused to do so and wholly made default"; that "such note is now due and payable," etc. Appellant did not plead that he had sustained or would sustain injury or damage otherwise than through the lessee's failure to pay rental.

Appellant's petition, in conjunction with evidence showing that re-entry occurred on May 29, 1953, is perhaps sufficient also to support our conclusion that the lease contract terminated not later than the mentioned date, as we are of the opinion that the representation that the lessee "surrendered possession of the leased premises" should be construed as including acceptance of surrender and as meaning that the lease was terminated by mutual consent of the parties. But if we are in error in this view, we are nevertheless of the opinion that the undisputed evidence shows a surrender of the leasehold estate and termination of the contract by opera-

tion of law on May 29, 1953. On that date, without having taken any precautions to prevent a surrender by operation of law, and apparently upon the theory that the contract in question was ended, appellant put a new tenant or lessee in possession of the premises, and he thereafter continued to rent or use the premises for his own benefit. He did not purport to act for or on behalf of the lessee in the subject lease, and he had even been instrumental in ousting from the premises the person whom the lessee had left in charge of his business. See, Dearborn Stove Co. v. Caples, 149 Tex. 563, 236 S.W.2d 486, 489, which is also authority for the proposition that no more rent became due under the lease after surrender of the leasehold estate by operation of law.

Seeking to avail himself of the rule that rental that is paid in advance is not ordinarily recoverable by a lessee upon termination of a lease before expiration of the term for which the payment was made (Dearborn Stove Co. v. Caples, supra), appellant argues that the subject lease and note contemplated that the rental for the last year of the lease term was to be payable in advance at any time that the lessee should be in arrears with the rental for as much as two months. We cannot so construe the instruments. Appellant also argues that the case was tried in the trial court upon the theory that he was entitled to recover either the face amount of the note or nothing, and that it should be disposed of by this court upon the same theory. We recognize that the case must be reviewed in the light of the theories on which it was tried below, but do not believe that this rule of appellate procedure is as far reaching as appellant would have it be. The trial theories are to be gathered from the pleadings and evidence and from what actually took place in the trial court, not from what the parties may have assumed was in issue. Appellee did nothing that would have prevented him from contesting the amount due under the lease and note if the trial had reached that point.

Appellant further argues that, assuming initial validity for the lease and note, appellee failed to plead either a defense or grounds for restricting recovery to less than the face amount of the note. A sufficient answer to the contention lies, we think, in the fact that appellant's right of recovery was restricted by his own pleadings and evidence. In final analysis, and taking into consideration the lease and note on which he declared, appellant only pleaded and proved facts entitling him to recover four installments of rent.

Assuming that during the life of the lease appellant would have been entitled to recover the face amount of the note at any time that rent for two months was due and unpaid, we do not think it necessarily follows that judgment must now be rendered in his favor for that amount. In the assumed situation, any excess over and above past due rental that might have been recovered would have been held, we believe, in trust for the one from whom it was collected and only as security for the payment of rental thereafter becoming due. The full extent of appellee's liability under the true conditions being known, we think it proper to render judgment against him for only the amount due.

It is undisputed that the installment of rent that fell due on January 13, 1953, as well as all previous installments, was paid. There remained then, only the installments that fell due on the 13th of February, March, April and May, 1953. The note provided that it was not to bear interest, but this does not affect appellant's right to recover interest at the statutory rate of six per cent on the rental installments from the respective dates on which they became due. Roberts v. Smith, 64 Tex. 94; Ball v. Belden, 59 Tex.Civ.App. 29, 126 S.W. 20.

Appellee's motion for rehearing is overruled. Appellant's motion is granted but without the full relief sought. So much of our original opinion and judgment as ordered the case remanded for a new trial is withdrawn, and judgment is here rendered that appellant recover of appellee the sum of $1,600 together with interest at the rate of six per cent per annum on the rental installments of $400 each comprising that sum from the respective dates on which the installments became due, and costs of suit.