## AMERICAN ACCEPTANCE CORPORATION v. REYNOLDS.

### No. 4687.

Court of Civil Appeals of Texas. Amarillo.

Jan. 11, 1937.

E. D. Slough, of Amarillo, for appellant.

Reynolds & Heare, of Shamrock, for appellee.

MARTIN, Justice.

Appellant filed suit against appellee upon an installment note, payable to

Simmons Company, and for a foreclosure of a chattel mortgage, and alleging an assignment of said note to appellant and its ownership. To this appellee filed a plea of res judicata. Judgment was for appellee upon this plea. Findings of fact and conclusions of law were filed. The essential facts are: Appellant in cause No. 2478 sued upon the same identical note and chattel mortgage as that involved in cause No. 2535, now before us. In paragraph VI of its petition in cause No. 2478 it alleged: "That the said The Simmons Company for a valuable consideration, and in due course of trade, and before maturity, endorsed said note to American Acceptance Corporation, plaintiff, who is the legal holder and owner of said note." To this appellee filed an answer, pleading usury and payment of the note sued on, and alleging: "This defendant denies all and singular the allegations contained in the sixth paragraph of plaintiff's petition, and demands strict proof thereof." Issue was joined upon said pleadings and evidence was heard, and a general judgment entered that plaintiff take nothing against defendant (appellee here). The said note was payable to order but bore no indorsement. Thereafter, suit was again filed on this same note, properly indorsed, and for foreclosure of the same mortgage. The alleged error of the trial court in sustaining appellee's plea of res judicata to this second suit is the legal issue here. The first judgment was final, and so found by the trial court. Whether upon lack of proof of ownership of the note or upon the appellee's plea of usury and payment, we do not need inquire. Nor is it a material inquiry here as to whether the same was erroneous or not, since it was final and never appealed from. Obviously, where issue was joined, evidence heard, and final judgment rendered at such hearing, appellant cannot thereafter circumvent the statute regulating appeals by filing a new suit and in effect collaterally attacking such judgment on an appeal to this court. As above noted, appellant's allegation was that the note was indorsed. It was not, but the court finds it was introduced in evidence. Because of this lack of indorsement, it is now claimed the appellant lost its original case, and there was no trial of the case on the merits. It could have lost its case also upon appellee's plea of usury and payment. We are of the opinion that the record before us conclusively shows a trial upon the merits, before a court of competent jurisdiction, and that the parties in and subject-matter of the two suits were identical. We quote:

"A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions. * * *

"If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is upon the merits, although there was no actual hearing or argument on the facts of the case; and it is immaterial what the judgment is called or how it is framed, if it really involved a consideration and determination of the merits. Nor is a judgment the less conclusive because the matter settled thereby was improperly pleaded, if no objection was made at the time." 34 C.J. pp. 775, 776.

"It is also well settled that, where every objection urged in a second suit was open to the party within the legitimate scope of the proceedings in the first suit, and might have been presented in that trial, the matter must be considered as having passed in rem judicatum, and that 'an adjudication is final and conclusive, not only as to matters actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the litigation and every matter coming within the legitimate purview of the original action.' Hanrick v. Gurley, 93 Tex. [458] 480, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330; Freeman v. McAninch, 87 Tex. [132] 139, 27 S.W. 97, 47 Am.St. Rep. 79; Ewing v. McNairy, 20 Ohio St. [315] 322; Nichols v. Dibrell, 61 Tex. 539.

"The rule above stated is supported by the authorities cited, as follows:

"Freeman v. McAninch: 'If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of an action, or fails to prove a fact he might have proved, the law can afford him no relief. When a party passes by his opportunity the law will not aid him.'

"Ewing v. McNairy: 'By refusing to relieve parties against the consequences of

their own neglect, it seeks to make them vigilant and careful. On any other principle there would be no end to an action, and there would be an end to all vigilance and care in its preparation and trial.'" Hetkes v. Gehret (Tex.Civ.App.) 16 S.W. (2d) 395, at page 398.

See, also, 26 Tex.Jur. pp. 109, 113, 123, and 135; 34 C.J. pp. 743, 766, 768, 811, 817, and 822.

The law requires an affirmance of the trial court's judgment, in our opinion, and it is so ordered.

Affirmed.