**Brian C. THOMAS, et al., Appellants,**

v.

**Samuel A. DUBOVY–LONGO, et al., Appellees.**

No. 05–89–01190–CV.

Court of Appeals of Texas, Dallas.

March 7, 1990.

---

Burt Berry, Dallas, for appellants.

Samuel L. Boyd, Priscilla E. Perry, Stuart Parker, Dallas, for appellees.

Before ENOCH, C.J., and BAKER and WHITTINGTON, JJ.

BAKER, Justice.

Because we questioned the finality of the trial court's judgment in this appeal, we directed the parties to file a supplemental transcript containing an order expressly disposing of the claims that might remain pending. Instead of doing so, appellants moved to dismiss this appeal for want of jurisdiction on the basis that there is no final judgment from which appeal can be taken. We conclude that the judgment is final and that we have jurisdiction over this appeal. We deny appellants' motion to dismiss.

DuBovy-Longo sued Thomas seeking damages and prejudgment interest for conversion of certain personalty. Thomas counterclaimed, seeking damages for malicious prosecution. The case was regularly set for a conventional trial on the merits. DuBovy-Longo appeared when the case was called, but Thomas did not. The trial court awarded DuBovy-Longo damages as

the result of Thomas's default. The judgment was silent as to DuBovy–Longo's prayer for prejudgment interest and as to Thomas's counterclaim. The issue is whether the judgment's silence on those matters prevents it from being a final judgment.

The determination of a judgment's finality is often vexing. The Supreme Court of Texas has created a presumption of finality for certain classes of judgments:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case *regularly set for a conventional trial on the merits,* no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

*North East Independent School District v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex. 1966) (emphasis added). Since this case was set for a conventional trial on the merits, it would seem that the *Aldridge* presumption would apply.

But the supreme court has also stated that "the *Aldridge* presumption does not apply to ... default judgments." *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986) (per curiam). In *Houston Health Clubs,* the default judgment was a no-answer default judgment. 722 S.W.2d at 693. Here, judgment was rendered against Thomas when he failed to appear for trial. The question becomes whether the *Aldridge* presumption applies to a post-answer default judgment, in contrast to a no-answer default judgment.

In *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979), the supreme court discussed three types of judgments that contrast to "a judgment upon trial." 578 S.W.2d at 682. There is a no-answer default judgment. There is a judgment *nihil dicit;* such a judgment occurs when a defendant has: (1) entered some plea, usually of a dilatory nature, but one which does not place the merits of the plaintiff's case in issue; or (2) withdrawn his answer. *Frymire Engineering Co. v. Grantham,* 524 S.W.2d 680, 681 (Tex.1975) (per curiam). A no-answer default judgment and a judgment *nihil dicit* are so similar that the same rules apply to each with respect to the effect and validity of the judgment. *See Stoner,* 578 S.W.2d at 682.

These two types of judgments contrast with a post-answer default judgment, in which an answer is on file but the defendant fails to appear at trial. The difference is that:

> A post-answer "default" constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case *as in a judgment upon a trial.*

*Stoner,* 578 S.W.2d at 682 (emphasis added). When a plaintiff is put to his proof at a trial setting, we conclude that the entire case is placed before the court so that the *Aldridge* presumption applies in post-answer default judgments. In our view, the holding in *Houston Health Clubs* does not apply to post-answer default judgments in cases in which a conventional trial on the merits has been set.

Because this case involves a post-answer default judgment, that judgment is presumed final. The judgment's failure to expressly dispose of DuBovy–Longo's claim for prejudgment interest or Thomas's counterclaim does not destroy that presumption. We hold that we have jurisdiction over this appeal.

Thomas's motion to dismiss is denied.

ENOCH, C.J., concurs.

ENOCH, Chief Justice, concurring.

I agree with the result and reasoning of the majority. I write separately because I wish to call attention to the need for resetting the presumption in *Aldridge. North East Independent School District v. Aldridge,* 400 S.W.2d 897 (Tex.1966). The presumption of finality should not balance

upon so tenuous a fulcrum as whether the case was *regularly set* for trial on the merits.[1] In my estimation, the presumption should be squarely founded upon an *actual* trial on the merits. That was the fact in *Aldridge,* and that is the fact in this case.[2]

---

1. In the age of electronic communication and increased use of the telephone, it is not uncommon for court administrators to notify parties of trial settings. *See Lewis v. Leftwich,* 775 S.W.2d 848 (Tex.Civ.App.–Dallas 1989, orig. proceeding). In such cases, the determination of our jurisdiction may hinge on an event that does not even appear in the record on appeal.

2. Although many of the issues in *Aldridge* were initially disposed of by summary judgment, the court reserved damages for conventional trial. Ultimately, that issue was tried on stipulated facts and a final judgment was thereafter rendered. *Aldridge,* 400 S.W.2d at 895; *See also* Tex.R.Civ.P. 263.