**HATZLACHH SUPPLY, INC., Petitioner,**

v.

**MOISHE'S ELECTRONICS INC., Respondent.**

**No. 92 Civ. 2537 (KTD).**

United States District Court, S.D. New York.

March 7, 1994.

Abe H. Konstam, Mallow, Konstam, Hager & Fischer, New York City, for petitioner.

K. Jane Fankhanel, Linda K. Singer, Fulbright & Jaworski L.L.P., New York City, for respondent.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Moishe's Electronic Inc. ("Moishe's") moves to amend or alter a Memorandum and Order issued on March 4, 1993, 828 F.Supp. 178, pursuant to Rule 59(e) and/or Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Moishe's motion is granted, and the Memorandum and Order of March 4, 1993, is hereby vacated.

### Background

The history of this case presents a classic example of form trumping substance. The substantive dispute is whether risk of loss passed from Petitioner, Hatzlachh Supply, Inc. ("Hatzlachh") to Moishe's prior to the theft of goods that were sold to Moishe's by Hatzlachh. The formalistic issue presented is which forum is the proper one to adjudicate this substantive dispute.

On March 4, 1993, I ruled that the proper forum to resolve this dispute was the American Arbitration Association in New York City, and I enjoined Moishe's from pursuing an action it instituted in Texas (the "Arbitration Decision"). Unbeknownst to me when I made this decision, the District Court of Cameron County Texas had already adjudicated the matter on February 8, 1993. The Texas court held that Moishe's never actually possessed the stolen goods; so that, the risk of loss never passed to Moishe's (the "Texas State Judgment").

In late 1991, Moishe's ordered electrical equipment from Hatzlachh. These goods were stolen prior to their delivery to Moishe's, and a dispute arose as to Moishe's obligation to pay for the stolen goods. On February 24, 1992, Moishe's commenced an action in the Judicial District Court of Cameron County, Texas (the "Texas Action"), seeking a declaratory judgment to determine Moishe's rights and obligations regarding the stolen goods.

In March 1992, Hatzlachh answered by generally denying Moishe's allegations.[1] Hatzlachh specifically raised the affirmative defense that the dispute belonged in arbitration pursuant to an arbitration clause in the contractual arrangements between the parties. Additionally, Hatzlachh also filed a plea in abatement, which is a procedure in Texas used to defeat a suit as having been improperly brought. As with the affirmative defense, the plea in abatement was based on the arbitration clause entered into between the parties.

In April 1992, Hatzlachh obtained an Order to Show Cause in this Court requiring Moishe's to show cause why an order should not be granted compelling arbitration before the American Arbitration Association in New York City, and permanently enjoining and staying the Texas Action. The parties agreed to stay the Texas Action until the return date of the Order to Show Cause,

1. The Texas Action was also brought against Caballero-Morales ("Caballero"), who was the warehouser of the goods.

which was May 11, 1992. Thus, after May 11, 1992, there was no stay of the Texas Action. As a result, the Texas Action proceeded through discovery, trial and judgment.

William Best, who was Hatzlachh's local counsel in Texas, was granted permission to withdraw from the Texas Action on October 1, 1992. Two weeks prior to this, Mr. Best was notified by the Texas Court that the trial had been scheduled for February 8, 1993. Apparently, neither party advised the Texas court of the pending motion before me, regarding the issue of arbitration.

At trial on February 8, 1993, Moishe's and Caballero appeared and participated but Hatzlachh did not, having never replaced Mr. Best with other local counsel. Immediately following the trial, judgment was rendered in favor of Moishe's and Caballero. The Texas State Judgment specifically found that:

(1) Moishe's and Hatzlachh entered into a contract in which Moishe's agreed to purchase and Hatzlachh agreed to sell certain items of consumer electronic equipment valued at $216,643.50;

(2) Hatzlachh breached the contract by failing to deliver the goods;

(3) Hatzlachh failed to perform all conditions precedent which would entitle it to payment;

(4) the risk of loss never passed to Moishe's and remained with Hatzlachh;

(5) Moishe's never took actual possession of the electric equipment;

(6) the Texas Court had jurisdiction over the subject matter of the case; and

(7) Moishe's is not liable to Hatzlachh for the purchase price of the electric equipment.

Based on these findings, the court awarded Moishe's nearly $10,000 for breach of contract damages and $45,000 as reasonable attorney fees plus interest. Thus, the Texas Action addressed the merits of the dispute.

On March 5, 1993, I issued the Arbitration Decision granting Hatzlachh's motion to compel arbitration in New York City and enjoining Moishe's from pursuing the Texas Action. In this decision, I reasoned that (1) the Federal Arbitration Act applied to the transaction involved here; (2) an arbitration clause existed and was part of the contractual arrangements between the parties; (3) the dispute fell within the scope of the arbitration agreement; and (4) Moishe's did not waive its right to compel arbitration. On March 11, 1993, the decision was entered and incorporated into a Judgment of this Court on March 12, 1993. On March 25, 1993, Moishe's timely moved to amend or alter this judgment pursuant to Rule 59(e) and/or Rule 60(b)(6) of the Federal Rules of Civil Procedure.

### Discussion

Rule 59(e)[2] and Rule 60(b)(6)[3] allow judges to reassess the basis of a decision and amend it in order to account for any significant factual or legal circumstances that were not apparent at the time of the determination. Under Rule 59(e), "the only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990), *quoting Adams v. United States,* 686 F.Supp. 417, 418 (S.D.N.Y.1988). Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Dunlop v. Pan American World Airways, Inc.,* 672 F.2d 1044, 1051 (2d Cir.1982), *quoting Klappett v. United States,* 335 U.S. 601, 615 (1949). *See also Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir.1963) (Rule 60(b)(6) provides courts with "a grand reservoir of equitable power to do justice in a case."). These rules are flexible, and judges have discretion to determine whether a decision will be altered or amended.

---

**2.** Rule 59(e) provides in its entirety that a "motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

**3.** Rule 60(b)(6) provides that "the court may relieve a party ... from a final judgment, order or proceeding for ... (6) any ... reason justifying relief from the operation of the judgment."

28

Moishe's argues that the Texas State Judgment constitutes valid grounds for altering or amending the Arbitration Decision. Essentially, Moishe's contends that if I had known about the Texas State Judgment prior to making the Arbitration Decision, I would have ruled differently. I agree. Had I known a competent court had already decided the merits of this dispute, I would not have ruled to compel the parties to arbitrate. *See Ank Shipping Co. of Greece v. Seychelles Nat'l Commodity Co., Ltd.,* 596 F.Supp. 1455, 1458–59 (S.D.N.Y.1984) (holding that a petition to compel arbitration is barred by res judicata where the merits of a claim had already been addressed by a court of competent jurisdiction).

The primary reason for amending the Arbitration decision is that the Texas State Judgment has a res judicata effect on a subsequent arbitration proceeding. Final judgments of a state court are given full faith and credit in federal court under the doctrine of res judicata. 28 U.S.C. § 1738. *See Militex Indus. Corp. v. Jacquard Lace Co., Ltd.,* 922 F.2d 164, 166 (2d Cir.1991). In addition, under the Federal Arbitration Act, decisions by arbitrators must be confirmed by a federal court in order for to be enforceable. 9 U.S.C. § 9. Indeed, an arbitrator's decision is not final until it is confirmed. *See* 9 U.S.C. § 13. *See also Mobelite Constr. Corp. v. New York City Dist. Council Carpenters Benefit Funds,* 748 F.2d 79, 82 (2d Cir.1984).

The central inquiry, therefore, is whether the Texas State Judgment is final, meriting full faith and credit, and thereby barring any subsequent federal action under the doctrine of res judicata.[4] *See Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 637 F.2d 391, 395 (5th Cir.1981). Thus, it is necessary to determine whether the Texas Court Judgment has a res judicata effect under Texas law.

The Texas State Judgment is a default judgment under Texas law. Three types of default exist in Texas: (1) where no answer has been filed; (2) where no answer placing the merits of the case in issue is on file (i.e. judgment *nihil decit* ); and (3) where a defendant has answered but fails to appear for trial. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). While some differences exist between the three types of defaults, *see Thomas v. Dubovy–Longo,* 786 S.W.2d 506, 507 (Tex.App.1990), it is clear that Texas considers judgments entered against a party who answers a complaint but then fails to appear at trial to be default judgments. *See Leblanc v. Leblanc,* 778 S.W.2d 865, 865 (Tex.1989).

The dispositive issue, therefore, is whether this post-answer default has a res judicata effect on subsequent proceedings. No Texas court has decided this specific issue, but by applying the logic of prior Texas rulings to the case at hand, I must conclude that a post answer default does have a res judicata effect. Under Texas law, the "doctrine of res judicata holds that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies." *Jack v. Jack,* 796 S.W.2d 543, 546–47 (Tex.App.1990), *citing Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex. 1971).

No-answer default judgments have a res judicata effect under Texas law. *Jones v. First Nat'l Bank of Anson,* 846 S.W.2d 107, 109–10 (Tex.App.1992). *See also American Acceptance Corp. v. Reynolds,* 104 S.W.2d 123, 124 (Tex.App.1937) (ruling that res judicata applies even "[w]hen a party passes by his opportunity, [as] the law will not aid them."). By analogy, post-answer defaults then also have a res judicata effect. Indeed,

---

4. Neither party initially addressed this issue, and by order dated November 30, 1993, I ordered them to do so by supplementing their legal arguments. Moishe's also raises several other arguments for amending the Arbitration Decision. These include that: (1) the Texas State Judgment had a res judicata effect on the Arbitration Decision, and (2) not amending the Arbitration Decision would prejudice the Moishe's if it is forced

to arbitrate. These arguments are not persuasive. *See Fowler v. Stone,* 600 S.W.2d 351, 353 (Tex.App.1980) (ruling that the defense of res judicata is waived unless raised prior to adjudication). More importantly, they do not address the relevant issue, which is the effect of the Texas State Judgment on a subsequent arbitration proceeding.

the differences between post-answer defaults and no-answer defaults provide further support that the Texas State Judgment has res judicata effect. For instance, no answer defaults are not presumed to be final judgments. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex. 1986). Post-answer defaults, on the other hand, are presumed to be final in Texas. *Dubovy–Longo,* 786 S.W.2d at 608. More importantly, the Supreme Court of Texas has ruled that:

> [a] post-answer 'default' constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings, *but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon trial.*

*Stoner,* 578 S.W.2d at 682 (emphasis added). Therefore, in order to have obtained the Texas State Judgment, Moishe's must have put forth evidence that convinced the trial judge of the merits of its claims. Indeed, the trial judge specifically found that:

> [t]he plaintiff's case was submitted to the Court and the Court, having read the pleadings and having heard the testimony and considered the evidence, is of the opinion that Plaintiff is not liable to Defendant, HATZLACHH SUPPLY, INC., that Plaintiff should recover judgment against Defendant, HATZLACHH SUPPLY, INC.

Thus, unlike a no-answer default situation, a Texas judge addresses, at least somewhat, the merits of a dispute in a post-answer default situation. This provides further support that a post-answer default has a res judicata effect.

In sum, the Texas State Judgment is a final judgment rendered upon the merits by a court of competent jurisdiction. Therefore, res judicata bars an arbitrator from ruling on and a federal court from confirming the merits of this claim. *See Sprague & Rhodes Commodity Corp. v. Instituto Mexicano del Cafe,* 566 F.2d 861, 862–63 (2d Cir.1977). The Texas State Judgment is a valid adjudication of the merits; to have an arbitrator address the merits of the dispute would violate the principles of full faith and credit.

*See Millitex,* 922 F.2d at 166. Accordingly, pursuant to Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure, the Memorandum and Order issued on March 4, 1993, and entered on March 11, 1993, compelling the parties to arbitrate is amended and hereby vacated.

SO ORDERED.