cv4-085.johnston 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00085-CV







James W. Johnston, Appellant



v.



M & M Vehicle Transport, Inc., Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 92-14956-A, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








PER CURIAM

 

 Johnston appeals from a default judgment rendered favoring M & M Vehicle
Transport, Inc. on its counterclaim against Johnston. The court awarded $650 in actual damages,
no exemplary damages, and $3,290 in attorney's fees. We will reverse the judgment and remand
the cause for further proceedings.

 Johnston sued M & M and Joe Hernandez, an M & M worker. He charged that
Hernandez attached Johnston's car to an M & M tow truck while Johnston was inside the vehicle
protesting the towing. He contended that, after they both got out of their vehicles, Hernandez hit
him, choked him, and threw him to the ground. He alleged that Hernandez then falsely told
police that Johnston had provoked that assault by assaulting Hernandez. Johnston sued Hernandez
for assault and battery, false imprisonment, malicious prosecution, negligence, and gross
negligence. He alleged that M & M was vicariously liable for Hernandez's torts.

 M & M counterclaimed, alleging that Johnston sued despite knowing that the events
were not as alleged and that M & M was not vicariously liable for Hernandez's actions. M & M
denied that it or Hernandez was responsible for Johnston's arrest. M & M contended that
Johnston's suit had injured its business reputation.

 The court granted M & M's motion for summary judgment against Johnston's
malicious prosecution claim; the court expressly denied the motion as to all of Johnston's other
claims. The court next severed all M & M-Johnston claims from the Hernandez-Johnston claims. 

 The court set trial on M & M's counterclaim. When Johnston failed to attend the
setting, the court rendered default judgment for M & M on its abuse of process counterclaim.

 Johnston appealed. He then moved to dismiss for want of jurisdiction, contending
that the judgment on the counterclaim was not a final judgment because it did not dispose of all
the issues. We overruled the motion. We stand by our decision. (1) 

 By his first point of error, Johnston contends that M & M did not plead a valid
cause of action in its counterclaim. His failure to except at the trial court to a pleading defect,
omission, or fault normally would waive any error. See Tex. R. Civ. P. 90. That rule does not
apply to a party against whom a default judgment (including a post-answer default judgment) is
rendered. Id.; Stoner, 578 S.W.2d at 684-85. We can hold a default judgment erroneous based
on pleading defects not raised at trial only if



(1) the petition (or other pleading of the non-defaulting party that seeks affirmative
relief) does not attempt to state a cause of action that is within the jurisdiction of
the court, or (2) the petition (or pleading for affirmative relief) does not give fair
notice to the defendant of the claim asserted, or (3) the petition affirmatively
discloses the invalidity of such claim.



Stoner, 578 S.W.2d at 685.

 Johnston contends that M & M failed to plead essential elements of a claim for
abuse of process, the stated basis for the court's judgment. The claimant must plead and prove



1) that the defendant made an illegal, improper or perverted use of the process, a
use neither warranted nor authorized by the process; 2) that the defendant had an
ulterior motive or purpose in exercising such illegal, perverted or improper use of
the process; and 3) that damage resulted to the plaintiff as a result of such irregular
act.



Martin v. Trevino, 578 S.W.2d 763, 769 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). 
Allegations of malicious institution of a meritless suit will not alone support a claim for abuse of
process. Id. The pleader must allege an improper use of a process. Id. (citing Peerless Oil &
Gas Co. v. Teas, 138 S.W.2d 637 (Tex. Civ. App.--San Antonio 1940) (applying for and getting
a writ of sequestration not supported by the judgment abuses process), aff'd, 158 S.W.2d 758
(Tex. 1942)). If the only process issued is citation, the pleader must allege abuse in the execution
or service of the process. Morris v. Blangger, 423 S.W.2d 133, 134 (Tex. Civ. App.--Austin
1968, writ ref'd n.r.e.). The pleader must allege damages other than those necessarily incident
to filing a lawsuit. Martin, 578 S.W.2d at 769. 

 M & M did not state a claim for abuse of process in its counterclaim. M & M
alleged that Johnston caused citation to issue and that M & M had to engage counsel as a result. 
It alleged that Johnston sued despite knowing that his claims were false, that M & M was not
vicariously liable for Hernandez's acts, that the justice of the peace's ruling against his claims,
and that the police arrested him based on their own observations rather than a criminal complaint
by M & M or Hernandez. In sum, M & M alleged malicious institution of a meritless suit, but
failed to show any illegal, improper, or perverted use of citation. It therefore did not give fair
notice of a claim for abuse of process. See Martin, 578 S.W.2d at 769. We sustain point one.

 By his second point of error, Johnston contends that the evidence was legally and
factually insufficient to support the judgment. Johnston did not file the statement of facts with us. 
As the appellant, he had the burden to do so. Tex. R. App. P. 50(a),(d), 53. His failure prevents
our review of his evidentiary points. Reed v. State Dep't. of Licensing & Regulation, 820 S.W.2d
1, 4 (Tex. App.--Austin 1991, no writ). We overrule point two.

 Because M & M's pleadings did not support the judgment rendered, reversal is
required. Because Johnston did not raise the pleading deficiency at the trial court so as to give
M & M the opportunity to correct the defect and because we cannot review the legal sufficiency
of the evidence, remand is appropriate. We reverse the judgment and remand the cause for
further proceedings.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded

Filed: April 5, 1995

Do Not Publish

1.   Judgments in cases regularly set for conventional trial on the merits are presumed
final. North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897-898 (Tex. 1966); see also
Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993) (shifting the focus of the analysis from
whether the case was "regularly set" to whether a "conventional trial on the merits" occurred). 
The Dallas court, in a pre-Mafrige decision, relied on the "regularly set" language to hold that
a post-answer default received the presumption because the case was regularly set for a
conventional trial. Thomas v. Dubovy-Longo, 786 S.W.2d 506, 507 (Tex. App.--Dallas 1990,
writ denied); but see Strut Cam Dimensions, Inc. v. Sutton, No. 13-93-651-CV, slip op. at 3
(Tex. App.--Corpus Christi, October 6, 1994, n.w.h.) (post-answer defaults do not get the
presumption because no conventional trial was held rendering the judgments a form of
default). On rehearing, the Sutton court held that the post-answer default judgment had the
presumption of finality because of the relation of the opposing parties' claims; the court held
that judgment favoring the appellee denied the appellant's requested relief by necessary
implication. Sutton, No. 13-93-651-CV, slip op. at 2-3 (Tex. App.--Corpus Christi, February
9, 1995, n.w.h.).


 The judgment in this case has the Aldridge presumption of finality under both Thomas
and the Sutton opinion on rehearing. Under Thomas, the judgment receives the presumption
as a post-answer default. Under Sutton, the success of the defendant's abuse of process claim
as stated necessarily implies the rejection of the plaintiff's claims.