Beversdorf 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00144-CV







Fred and Daisy Beversdorf, Appellants




v.




Susan DeMoss, Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 3502, HONORABLE ROBERT F. B. "SKIP" MORSE, JUDGE PRESIDING








 Appellants Fred and Daisy Beversdorf appeal from a judgment in favor of appellee Susan
DeMoss from the County Court at Law No. 2 of Williamson County. The judgment, deriving from a
forcible detainer cause of action, orders the Beversdorfs to vacate what had been their residence and pay
DeMoss $1,800 in damages and $1,750 in attorneys' fees. In two points of error, appellants challenge the
judgment on jurisdictional and res judicata grounds. Because res judicata is inapplicable to this case and
the county court had appropriate personal and subject matter jurisdiction, we will affirm the judgment of
the county court.



FACTUAL CONTEXT


 On February 2, 1995, what had been Fred and Daisy Beversdorfs' home at 1015 W.
Clark Street in Bartlett was sold at public auction due to the Beversdorfs' failure to pay federal income
taxes. I.R.C. §§ 6331, 6338 (1995). Susan DeMoss purchased the residence at the auction. DeMoss
received a Certificate of Sale of Seized Property from the Internal Revenue Service (IRS). After the 180-day statutory redemption period provided for in Internal Revenue Code section 6337 expired, the IRS gave
DeMoss an undated quitclaim deed to the property. The deed granted to DeMoss all of the IRS's rights
and interest in the property.

 Before she received the quitclaim deed, DeMoss sent the Beversdorfs a letter instructing
them to vacate the premises. When the Beversdorfs did not comply, on February 19, 1995, DeMoss filed
the first forcible detainer suit against them in justice of the peace court. After a hearing, the justice of the
peace determined that the suit was premature because DeMoss had no evidence of title. The court
entered a confusing order that "plaintiff take nothing by her suit for the courts [sic] lack of jurisdiction."

 After DeMoss received and recorded the quitclaim deed in August 1995, she sent a second
letter to the Beversdorfs giving them notice to vacate. Again the Beversdorfs refused to leave, and DeMoss
filed a second forcible detainer suit. In the second trial, the justice of the peace rendered judgment for
DeMoss. The Beversdorfs appealed to the county court, and, after a trial de novo, the county court also
rendered judgment for DeMoss.



DISCUSSION


 Appellants raise two contentions in this appeal: (1) that the second suit for forcible detainer
was barred by res judicata; and (2) that a genuine issue of title deprived the county court of subject matter
jurisdiction.



Res Judicata

 The proper course of action for a court when the plaintiff's pleadings show no cause of
action is to dismiss the suit. See Reed v. Stanley, 139 S.W.2d 851, 854 (Tex. Civ. App.--Amarillo 1940,
no writ); Spann Bros. Auto Supply Co. v. Miles, 135 S.W.2d 1016, 1017 (Tex. Civ. App.--Eastland
1940, no writ). Res judicata does not bar a subsequent cause of action between the same parties when
the first suit was filed prematurely. See Reed, 139 S.W.2d at 854.

 DeMoss could not successfully maintain a forcible detainer action until she acquired legal
title to the property; the IRS could not convey title to the property until after the statutory redemption
period expired. Despite the justice of the peace's unfortunate choice of words that the plaintiff take nothing
because the court lacked jurisdiction, the order was effectively a dismissal without prejudice. A dismissal
without prejudice has no res judicata effect. See McConnell v. Attorney General of Texas, 878 S.W.2d
281, 283 (Tex. App.--Corpus Christi 1994, no writ). Therefore, DeMoss's first suit did not prevent her
from bringing a second forcible detainer suit after she received title to the property and the cause of action
had matured.

 Only a judgment on the merits could have barred DeMoss's second forcible detainer suit. 
See American Acceptance Corp. v. Reynolds, 104 S.W.2d 123, 124 (Tex. Civ. App.--Amarillo 1937,
no writ). A judgment is on the merits when it determines the respective rights and liabilities of the parties
based on the ultimate fact or facts disclosed by the pleadings, evidence, or both. See id. An action brought
prematurely, where the court concludes it lacks jurisdiction, is not a judgment on the merits. Thus, res
judicata is not applicable to this case and the justice of the peace properly heard the case the second time
it was filed. Appellants' first point of error is overruled.



Title Dispute

 In their second point of error appellants assert the county court lacked subject matter
jurisdiction due to the possibility of a genuine issue of title. This assertion lacks merit. Although the
Beversdorfs assert their homestead right under Texas law, federal law preempts state law in the area of
federal tax measures. U.S. Const. art. VI, cl. 2; Benchmark Bank v. Crowder, 919 S.W.2d 657, 660
(Tex. 1996). Appellants do not dispute the IRS's compliance with legally prescribed procedures to obtain
title to the property after the Beversdorfs failed to pay their federal income taxes. Internal Revenue Code
provisions 6331, 6337, and 6338 were correctly followed, and the IRS had legal authority to grant all rights
and interest in the property to DeMoss after the property had been levied, sold at public auction and the
180-day redemption period had expired. Because the IRS held undisputed title to the property, the
quitclaim deed conveyed all of the IRS's legal rights and interest to DeMoss.

 The Beversdorfs contend that DeMoss's deed is invalid because it is not dated. Since
1884, the Texas Supreme Court has consistently held that a deed need not be dated to be valid. Webb
v. Huff, 61 Tex. 677 (1884); Rosestone Properties, Inc. v. Schliemann, 662 S.W.2d 49, 52 (Tex.
App.--San Antonio 1983, writ ref'd n.r.e.). The Beversdorfs failed to raise any issue of title. The sole
question in this dispute concerned possession. Therefore, DeMoss's forcible detainer action was the
appropriate cause of action and the justice of the peace court and the county court were the correct
tribunals in which to bring suit. Appellants' second point of error is overruled.





CONCLUSION


 Finding no error, we affirm the judgment of the county court.

 


 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: October 2, 1996

Do Not Publish



e plaintiff's pleadings show n