NUMBER 13-00-470-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ACEQUIA PRODUCE SALES, INC. , Appellant,


v.


HAPCO FARMS, INC. , Appellee.

___________________________________________________________________


On appeal from the 139th District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo

 Appellant Acequia Produce Sales, Inc. ("Acequia") appeals from a judgment issued against it and in favor of Hapco
Farms, Inc. ("Hapco"). We reverse and remand. 

Factual Background

 Acequia, a produce grower, agreed to sell two loads of cantaloupes to Hapco, a produce wholesaler and distributor. Hapco
in turn planned to sell those cantaloupes to Giant Foods in Maryland. Acequia and Hapco agreed on a contract for the sale
of this produce, which Acequia would deliver to Hapco "f.o.b. Acequia's place of business." Hapco sent two trucks to
Acequia's warehouse in Edinburg, Texas to pick the cantaloupes up. The first load consisted of 980 crates of cantaloupes,
and was placed on Hapco's truck on April 11, 1997. The second load also consisted of 980 crates of cantaloupes and was
placed on Hapco's truck on April 12, 1997. Acequia made at least a cursory inspection of these cantaloupes prior to giving
them to Hapco and found them to be in acceptable condition. Hapco then transported the cantaloupes to Giant Foods in
Maryland. The produce was in transit for three days. U.S.D.A. inspectors examined the cantaloupes upon arrival of the
goods at Giant Foods and found that they were decayed and generally in a condition unsuitable for sale. Giant Foods
rejected the cantaloupes. 

Hapco notified Acequia of the rejection of the goods, and Acequia agreed to not charge Hapco for the produce. Hapco
further requested that Acequia pay the shipping costs that Hapco incurred transporting the produce to Maryland. Acequia
admitted by letter that they owed Hapco for the shipping costs, but, citing a lack of available funds, requested that Hapco
allow Acequia to pay the debt over time rather than in a lump sum. Hapco refused this request and sued for the costs of
freight, $4,828.30, plus interest and attorney's fees. Hapco moved for summary judgment on the shipping claims, based on
Acequia's admission that it owed the money. Acequia denied that its letter constituted an admission, claiming that instead
Acequia simply wished to mollify a client in the hopes of not losing future business. Acequia counterclaimed for the cost
of the produce, claiming that the produce was in suitable condition when it left Edinburg and suggesting that its condition
upon arrival in Maryland was due to improper shipping conditions onboard Hapco's trucks. 

The trial court entered an order for partial summary judgment in favor of Hapco on June 1, 1999. In that order, the trial
court held that after "having considered said motions [for summary judgment], the pleadings on file, the evidence and
arguments of counsel, . . . the only remaining fact question in this case is the amount of attorneys' fees to which Plaintiff is
entitled." Acequia made a motion to modify the summary judgment order to dispose of its counterclaim, but said motion
was denied. Following an evidentiary hearing, an order granting Hapco $5,034.00 in attorneys' fees was signed by the trial
court on May 23, 2000. After that order was signed, Acequia requested findings of fact and conclusions of law with respect
to the attorneys' fee issue. Acequia filed this appeal, challenging the partial summary judgment on shipping costs but not
the attorneys' fee award, on July 17, 2000. 

Jurisdiction

 As a preliminary matter, we must determine whether we possess jurisdiction over this appeal, given the fact that the trial
court did not explicitly address Acequia's counterclaims in either of its written orders issued in this case. We find that we
do.

Hapco made two separate claims to the trial court, requesting affirmative relief in terms of shipping costs and interest, and
also requesting attorneys' fees. Acequia counterclaimed, seeking affirmative relief in the form of the cost of the produce. In
its order granting partial summary judgment, the trial court specifically disposed of Hapco's claims for shipping costs and
interest and specifically reserved the attorneys' fee issue for a later determination. That attorneys' fee issue was
subsequently ruled upon. However, the trial court never explicitly ruled on whether Acequia was entitled to its
counterclaim. 

A judgment is final if it disposes of all pending parties and claims in the record. Jack B. Anglin Co. v. Tipps, 842 S.W.2d
266, 272 (Tex. 1992). The law does not require that a final judgment must be in any particular form; rather, we must look
to the language of the order as a whole and the record in the case to determine whether the judgment is in fact final. 
Lehman v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). An order that disposes of claims by only one of multiple
plaintiffs does not adjudicate the claims of other plaintiffs. Id. at 205. An order that adjudicates only the plaintiff's claims
against the defendant does not adjudicate a third-party claim. Id. An order does not dispose of all claims and parties
merely because it is entitled "final." Id. Rather, there must be a "clear indication that the trial court intended the order to
completely dispose of the entire case." Id. 

However, there is an exception to this general rule in the case of certain counterclaims. Counter-actions are disposed of by
necessary implication when the trial court could not have granted the counterclaim following the summary judgment
without creating an irreconcilable interpretation of the same agreement. Strut Cam Dimensions, Inc. v. Sutton, 896 S.W.2d
799, 801-02 (Tex. App.-Corpus Christi 1995, writ denied) (op. on reh'g).

We find here that the facts and circumstances surrounding the granting of Hapco's motion for summary judgment
necessarily involved the dismissal of Acequia's counterclaim by implication. The trial court could not have found that
Acequia owed Hapco for shipping charges and at the same time found in favor of Acequia's claim for the price of the
cantaloupes, because the basis for an award for shipping costs was that such costs were consequential damages due to the
unsuitable condition of those cantaloupes. See Tex. Bus. & Com. Code Ann. §2.715 (Vernon 1994) (damages for
non-delivery of acceptable goods include incidental and consequential damages, including transportation charges).
Therefore, we find that we have jurisdiction over this appeal because there were no unresolved issues remaining at the trial
court level. 

Hapco also claims that Acequia failed to timely file its notice of appeal, depriving this court of jurisdiction to hear this
appeal. We disagree. We find that the appeal was timely filed. This appeal was from a final judgment, consisting of a
partial summary judgment on the damages issues and a subsequent judgment following a hearing on attorney's fees. The
trial court's judgment was not final, and therefore not appealable, until after all the issues had been resolved, including
attorney's fees. See Lehmann, 39 S.W.3d at 195. Therefore Acequia's timetable for filing its notice of appeal did not
commence until May 23, 2000, the date that the trial court filed its "Order of Judgment and Dismissal" adjudicating the
attorney's fee issue. 

A request for findings of fact and conclusions of law will extend the appellate timetable to ninety days if required by the
rules of civil procedure or, if not required, it could be properly considered by the trial court. Tex. R. App. P. 26.1(a)(4). 
Prior to issuing its order of judgment in this case, the trial court conducted an evidentiary hearing on the attorney's fee
issue. A party may request findings of fact and conclusions of law following an evidentiary hearing on disputed facts. Tex.
R. Civ. P. 296. Acequia requested such findings in this case. Because findings of fact have no purpose in a summary
judgment proceeding, a request for findings of fact will not extend the deadline for filing a notice of appeal from a case
decided by a full summary judgment. IKB Indus. v. Pro-line Corp., 938 S.W.2d 440, 443 (Tex. 1997). However, here the
court issued a partial summary judgment, followed by an evidentiary hearing. Where part of a final judgment is based on
an evidentiary hearing in which the court heard testimony, a request for findings of fact and conclusions of law extends the
time allowed for filing a notice of appeal. Awde v. Dabeit, 938 S.W.2d 31, 33 (Tex. 1997); Port Arthur Indep. Sch. Dist. v.
Port Arthur Teachers Ass'n, 990 S.W.2d 955, 957 (Tex. App.-Beaumont 1999, pet. denied). Acequia's notice of appeal,
filed on July 17, 2000, fifty-five days after the May 23rd final judgment, was therefore timely. 

Standard of Review

 Appellee moved for summary judgment under Texas Rule of Civil Procedure 166a(c) (traditional summary judgment)
based upon its argument that there was no material issue of fact regarding Acequia's liability for the shipping costs. 

Under a traditional summary judgment, applying Texas Rule of Civil Procedure 166a(c), the movant has the burden of
showing that there is no genuine issue of material fact and is entitled to judgment as a matter of law. American Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true. Id. Every reasonable inference must be
indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. Id. Evidence favoring the
movant's position will not be considered unless it is uncontradicted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1972). If a summary judgment order does not specify the ground or grounds relied
upon, it will be upheld if any of the grounds in the summary judgment motion can be sustained. Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999); Weakly v. East, 900 S.W.2d 755, 758 (Tex. App.-Corpus Christi 1995, writ
denied).

Summary Judgment Analysis

 Acequia presents three points of error challenging the award of summary judgment in favor of Hapco. Specifically,
Acequia claims that the trial court erred in granting summary judgment based on the factual disputes regarding (1) whether
the loads of cantaloupe were properly shipped; (2) who was responsible for the cantaloupes in transit; and (3) whether the
letter from Acequia to Hapco offering to pay was an admission of the debt. 

 We begin by addressing Acequia's first point of error. The contract between Acequia and Hapco specified that the two
loads of cantaloupes were to be shipped "f.o.b. Acequia's place of business." According to federal agricultural regulations,
the term "f.o.b." or "free on board" means:

that the produce quoted or sold is to be placed free on board the boat, car, or other agency of the [sic] through suitable land
transportation at shipping point, in suitable shipping condition (see definitions of "suitable shipping condition," paragraphs
(j) and (k) of this section), and that the buyer assumes all risk of damage and delay in transit not caused by the seller
irrespective of how the shipment is billed. The buyer shall have the right of inspection at destination before the goods are
paid for to determine if the produce shipped complied with the terms of the contract at time of shipment, subject to the
provisions covering suitable shipping condition.



7 C.F.R. 46.43(i) (2001).

 With regard to "suitable shipping condition," the agriculture code states that this requirement is met where "the
commodity, at time of billing, is in a condition which, if the shipment is handled under normal transportation service and
conditions, will assure delivery without abnormal deterioration at the contract destination agreed upon by the parties. . . . 
The seller has no responsibility for any deterioration in transit if there is no contract destination agreed upon by the parties." 
Id. § 46.43(j).

 Hapco presented competent and persuasive summary judgment evidence, in the form of reports generated by the U.S.D.A.,
demonstrating that the cantaloupes were in poor condition upon arrival in Maryland. However, Hapco presented no
evidence that there was an agreement between the parties regarding an agreed-upon shipping destination. Therefore,
Acequia had no responsibility for the condition of the goods at arrival in Maryland, and Hapco assumed the risk of any
degradation in the quality of the cantaloupes in transit. See id. The relevant inquiry in this case is not the condition of the
cantaloupes upon arrival, but rather the condition of the cantaloupes at the time they were placed on the trucks in Edinburg. 


 There is no conclusive summary judgment evidence demonstrating the condition of the goods in Edinburg. In support of
its motion for summary judgment Hapco did present a purported admission by Acequia of its liability for the shipping
charges. This "admission" consisted of an unsigned letter dated February 25, 1998 sent to "Charles" from "Paul" (no last
names or titles given), listing Acequia as a return address. Acequia did not object to the admittance of this letter as
summary judgment evidence. In the letter, Paul states that "As I am sure you are more then [sic] aware, Acequia Produce
Sales, Inc. owes your company the amount of $4,828.30." Paul then goes on to request time to pay the debt, and proposes a
payment schedule. This letter, along with the U.S.D.A. report, is the sum of the summary judgment evidence produced by
Hapco.

 Acequia's evidence presented in opposition to the summary judgment motion consisted of two sworn affidavits, presented
by the company's general manager, Jack Radde. We agree with Hapco's assertions at the trial court level and in its
appellate brief that Radde's first affidavit was conclusory in stating that the goods were in "suitable shipping condition"
without providing the underlying facts neccessary to support such an assertion, and was therefore not competent summary
judgment evidence. See Purcell v. Bellinger, 940 S.W.2d 599, 602 (Tex. 1997) (unsupported conclusory statements are not
proper summary judgment evidence). However, we disagree with Hapco's assertions that the second of Radde's two
affidavits failed to present competent summary judgment evidence rebutting Acequia's claims. In this second affidavit,
Radde notes his forty years of experience in the produce business, including experience in quality control and shipping of
produce. Radde explains in his affidavit that the policy of Acequia at the time that these cantaloupes were shipped was for
an employee to make a full inspection of the produce and then report to Radde if there was any concern as to the condition
of the produce. Radde further states that he himself made a "cursory inspection" of the cantaloupes involved in this case
and found them to be suitable for shipping. 

 Further, it is undisputed that Hapco's agents picked up the cantaloupes directly from Acequia's warehouse and had the right
to inspect them at the time. See 7 C.F.R. §46.43(i) (2001). Hapco presented no affidavit from its agents as to the condition
of the cantaloupes at the time they were initially picked up. 

 In light of the above-mentioned summary judgment evidence, we find that Hapco failed to establish as a matter of law that
there was no genuine issue of fact with respect to the condition of the cantaloupes at the time of shipment. See American
Tobacco Co., 951 S.W.2d at 425. Accordingly, we grant Acequia's point of error number one.

 Because this first point of error is dispositive, we need not address the remaining issues presented by Acequia. See Tex. R.
App. P. 47.1.

Conclusion

 Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

ERRLINDA CASTILLO

Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 1st day of November, 2001.